## SWANEY *v.* WHITE, SHERIFF

No. 40458          April 22, 1957          94 So. 2d 610

*Fant & Bush,* Holly Springs, for appellant.

*Chatham & Walker,* Hernando, for appellee.

Arrington, J.

The appellant, Fred Swaney, appeals from a final decree of the Chancery Court of DeSoto County appoint-

ing W. A. White, Sheriff of DeSoto County, guardian of William M. Lowman, non compos mentis.

The facts, which are not in dispute, are substantially as follows: William M. Lowman, 66 years of age, was a resident citizen of DeSoto County. He lived in a trailer and was found seriously ill and in a coma by the deputy sheriffs of DeSoto County on June 2, 1956, who carried him to the North Mississippi Hospital at Holly Springs, Marshall County, Mississippi. Upon a search of his trailer, they found cash and other securities of the approximate value of between $35,000 and $45,000, which was turned over to W. A. White, the Sheriff. On June 4, 1956, White filed a petition in the Chancery Court of De-Soto County asking for a hearing as to Lowman's mental condition and for the appointment of a guardian. On June 4, 1956, the chancellor by a fiat directed the chancery clerk of DeSoto County to issue process to William M. Lowman, returnable on June 15 before the chancellor, to show cause why he should not be adjudged mentally incompetent and a guardian appointed for his estate and person. Personal service was had upon Lowman by the Sheriff of Marshall County on June 8, 1956.

On June 13, 1956, Lowman filed petition in the Chancery Court of Marshall County for adjudication as a non compos mentis and for the appointment of Fred Swaney as guardian. This petition was joined in by Fred Swaney, who signified his willingness to serve as guardian. Lowman was examined by three physicians, all of whom certified that he was suffering from a mental condition. On the same date the Chancery Clerk of Marshall County appointed Swaney as guardian, and he qualified as such. On June 15, 1956, the hearing was held in DeSoto County on the petition filed on June 4 by White, the Sheriff. To this petition a general demurrer, two special demurrers, answer and cross-bill were filed. The chancellor held that the appointment of Swaney as guardian

by the Chancery Clerk of Marshall County was null and void and appointed White as guardian, and he qualified to serve.

The record shows that the chancellor proceeded under Section 6909-02 of the Mississippi Code of 1942, as amended, which reads as follows:

"The chancellor or clerk of the chancery court of the proper county may appoint guardians of the person and estate, or either, of persons adjudged to be of unsound mind under the provisions of this act upon their own motion or upon the application of a relative or friend of such person or upon the application of any other interested party. If any such person who is alleged to be of unsound mind and incapable of taking care of his person or property shall not have been so adjudged, then any relative or friend of such person or any other interested party may file a sworn petition in the chancery court of the county of the residence of such person setting forth that such person is of unsound mind and incapable of taking care of his person and estate, or either, but that such person be not in need of confinement or special treatment. Upon the filing of such petition the chancellor of said court shall by order fix the day, time and place for the hearing thereof, either in term time or in vacation, and the person who is alleged to be of unsound mind shall be summoned to be and appear before said court at the time and place fixed, which said summons shall be served upon such person not less than five days prior to the date fixed for such hearing. At such hearing all interested parties may appear and present evidence as to the truth and correctness of the allegations of the said petition, and if the chancellor should find from the evidence that such person is of unsound mind and incapable of taking care of his estate and person, or either, the chancellor shall appoint a guardian of such person's estate and person, or either, as the case may be. . . . . ."

██ █ We are of the opinion that the chancellor had jurisdiction under the above quoted section. Lowman was a resident of DeSoto County, and he was without relatives. The petition was filed by the sheriff who had possession of his property and who was an interested party under this section of our statute. The record shows that the chancellor took jurisdiction of this proceeding on June 4, 1956, and that the acts of the Chancery Clerk of Marshall County on June 13, 1956 in appointing Swaney as guardian were of no effect.

We find no merit in this appeal and it follows that the decree of the chancellor is affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Holmes* and *Ethridge,* JJ., concur.

## ON MOTION TO STRIKE PARTS OF RECORD AND TO RETAX COSTS.

HALL, J.

The appellant in this case has filed a motion to strike from the record pages 53 through 88 inclusive of the record now on file herein. The only reply made by counsel for appellee is that the case has been set for hearing in this Court on March 25, 1957, and that to sustain the motion would unduly delay the hearing of this cause on appeal.

This appeal involves the question of whether Fred Swaney or W. A. White, Sheriff, should have been appointed guardian of William M. Lowman by the lower court. We have examined the record and find that pages 1 through 52 are a complete transcript on the issue involved. The lower court held that W. A. White, Sheriff, was properly appointed guardian and that is the action from which this appeal is taken. Pages 53 through 88 are copies of a petition to pay medical ex-

penses of the ward, an order approving payment thereof, petition for authority to pay accounts, an order authorizing the same, proof of publication of notice to creditors, a petition for authority to provide support and maintenance of the ward at Mississippi State Hospital, an order authorizing the same, an inventory of the guardian, an order approving the same, a petition for authority to surrender stock in exchange for new stock, and an order authorizing the same. All of these petitions and orders were filed and entered subsequent to the hearing on the question as to who should be appointed guardian. They throw no light whatsoever on the issue involved in this appeal, and all of them occurred after notice of the appeal. They should never have been included in the record. Rule 2 of the Revised Rules of this Court adopted December 1, 1952, clearly sets out what should be embraced in the transcript made up by the clerk of the lower court and sent to this Court, and the addition of the pages mentioned are not authorized by that rule.

We had occasion to deal with this question in the case of Masonite Corp. v. Guy, 223 Miss. 8, (15), 78 So. 2d 579, and we then called attention to the fact that we are daily confronted with records from all parts of the state where there has been no effort to comply with Rule 2 in making up records for appeals. We have another case before us now where exhibits to the pleadings appear two and three times in the record and where a deposition is copied twice in the record in plain violation of the provisions of Rule 2, and we are frequently confronted with records where even the subpoenas for witnesses are copied therein and occupy several pages, for all of which the clerk has charged fees in violation of the rule.

The motion to strike pages 53 through 88 is hereby sustained and the costs will be retaxed so as to eliminate from the cost bill the charges for copying these

pages. Inasmuch as the case is on our docket for hearing on March 25th, we will not order the record rebound so as to eliminate the said pages therefrom and will leave the record as it now appears, but will disregard pages 53 through 88 in the consideration of this case as the said pages throw no light whatsoever on the issue involved in this appeal.

Motion sustained.

*McGehee, C. J., Kyle, Arrington* and *Gillespie, JJ.,* concur.